IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RASHAAD COLLINS,<br><br>  Plaintiff,<br><br>vs.<br><br>MISSOULA COUNTY DETENTION CENTER; PLANNED PARENTHOOD OF MONTANA; and COURTNEY EVANS,<br><br>  Defendants. | Cause No. CV 18-196-M-DLC-JCL<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Plaintiff Collins filed this action under 42 U.S.C. § 1983 on December 7, 2018. After screening the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, the Court determined Collins stated a claim sufficient to require an answer from Defendants Planned Parenthood and Courtney Evans. Defendants were asked to waive service of the summons, and they did so. *See* Waiver (Doc. 9).

Instead of filing an answer, Defendants filed a motion to dismiss for failure to state a claim, relying on Federal Rule of Civil Procedure 12(b)(6). Collins responded to the motion by seeking entry of default, but the Court denied his request because the Rule 12 motion was timely filed. *See* Mot. for Entry of Default (Doc. 14); Text Order (Doc. 15); Fed. R. Civ. P. 12(a)(1)(A)(ii), (4).

1

## I. Rule 12(b)(6) Motion

### A. Eighth Amendment Claim

One of Defendants' arguments is appropriately made under Rule 12(b)(6). Defendants assert that Collins cannot proceed under the Eighth Amendment because he is a pretrial detainee. *See* Br. in Supp. of Mot. (Doc. 13) at 6–7. As Defendants concede Collins' description of his status, *see* Compl. (Doc. 2) at 4 ¶ 4, the lesser evidentiary standard of *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 & n.4 (9th Cir. 2018), will apply to his claims. His allegation of an Eighth Amendment violation should be dismissed.

### B. Fourteenth Amendment Claim

Defendants' argument concerning Collins' claim under the Fourteenth Amendment relies on an affidavit and exhibits attached to their motion. They assert that medical staff, including Defendant Evans, "suggested that Plaintiff receive an X-Ray as well as some other testing to determine if Plaintiff's prescriptions needed to be changed. But, Plaintiff declined all further treatment." Br. in Supp. (Doc. 13) at 3–4; Evans Aff. (Doc. 13-1) at 2 ¶ 14. Defendants do not deem this allegation an "undisputed fact," *see* Br. in Supp. at 4–5 ¶ III, but they rely on it to dispute Collins' allegation that the medication he was offered "didn't manage my pain," *see* Compl. (Doc. 2) at 3–4.

Defendants may prove their position is correct. But the complaint, on its

face, and with the liberal construction the Court is required to accord to Collins, states a claim sufficient to require an answer. He alleges Defendants knew his pain was not adequately managed and could see the steps they took to address it were not or would not be adequate. *See Gordon*, 888 F.3d at 1125.

If a motion to dismiss presents "matters outside the pleadings," it may be converted to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). A defense based on the statute of limitations is a classic example, and an opposing party is frequently given an opportunity to conduct discovery. *See, e.g.*, *Canatella v. Van de Kamp*, 486 F.3d 1128, 1131–32 (9th Cir. 2007).

Conversion is not appropriate here. Defendants seek to introduce evidence to contest the truth and completeness of the allegations in Collins' complaint. "Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment. This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery." *Zak v. Chelsea Therapeutics, Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015).

Defendants' attachment of evidentiary materials to their Rule 12(b)(6) motion demonstrates they do not require additional time to answer. A different, abbreviated time for filing an answer is appropriate. *See* Fed. R. Civ. P. 12(a)(4).

## II. Defendant Missoula County Detention Center

On a separate issue, the Court previously stated that it would recommend the Missoula County Detention Center be dismissed because it is not an entity capable of being sued. *See* Order (Doc. 4) at 2. Collins was given an opportunity to amend his pleading to state a claim against the county, but he did not do so.

The Missoula County Detention Center should be dismissed with prejudice.

Based on the foregoing, the Court enters the following:

## ORDER

Defendants must file an answer to Collins' claims within five (5) days of the date of this Order, excluding weekends and holidays.

The Court also enters the following:

## RECOMMENDATION

1. Defendants' matters outside the pleadings (Docs. 13-1, 13-2, 13-3) should be excluded and not considered.

2. In view of Defendants' concession that Collins is a pretrial detainee, their Rule 12(b)(6) motion (Doc. 12) should be GRANTED as to his Eighth Amendment claim and DENIED in all other respects.

3. Pursuant to the Order of December 7, 2018 (Doc. 4), Defendant Missoula County Detention Center should be DISMISSED WITH PREJUDICE.

<u>Collins must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 3rd day of April, 2019.

                                           /s/ *Jeremiah C. Lynch*
                                           Jeremiah C. Lynch
                                           United States Magistrate Judge